EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CEMENTERIO BUXEDA, INC., demandado y apelante.

Núm. 10283.—*Sometido:* Febrero 1, 1951. *Resuelto:* Marzo 21, 1951.

*Pablo Defendini,* abogado de la apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* (*Vicente Géigel Polanco, Ex Procurador General,* en el alegato) y *José Antonio Luiña, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 3 de marzo de 1949 El Pueblo de Puerto Rico radicó demanda para expropiar varias parcelas de terreno radicadas en el área de Isla Verde, con el fin de construir una nueva carretera para el nuevo aeropuerto internacional. Una de estas parcelas, que consistía de 0.4179 cuerda o 1,642.41 metros cuadrados, pertenecía a Cementerio Buxeda, Inc. El gobierno depositó la suma de $3,284.82 en que calculó la justa compensación por esta parcela. La controversia en este caso se limitó al valor de la parcela expropiada, ya que las partes estipularon el valor de ciertas mejoras que había en la misma. La demandada sostenía que la parcela valía $49,846.50. Luego de un juicio en los méritos, el Tribunal de Expropiaciones llegó a la conclusión de que la parcela valía $4,311.49 y dictó sentencia de conformidad, contra la cual ha apelado la demandada.

La corte inferior concluyó que en 1945 la demandada compró 18,000 metros cuadrados de terreno por la suma de $10,000; que previo permiso del Departamento de Salud construyó y empezó a explotar el negocio de cementerio; que construyó fosas en la parte posterior del cementerio, empezando desde la mitad del mismo hacia el sur; que no había procedido a extender las facilidades de enterramiento a la porción frontal porque sabía que el gobierno probablemente le expropiaría dicha parte para la carretera; que la parcela aquí envuelta era parte de dichos 18,000 metros, con un

frente de alrededor de 45 metros lineales a la carretera núm. 57 y un fondo de poco menos de 40 metros.

■■ La corporación señala siete errores. Los primeros tres y el sexto se refieren esencialmente al mismo asunto: la negativa del tribunal inferior al no permitirle a la demandada presentar evidencia sobre los precios a que se disponía del terreno en dicho cementerio para sitios de enterramiento, y sobre los precios a que otros cementerios en San Juan y en Isla Verde disponían de dichos sitios de enterramiento.

En la discusión de estos errores la demandada se queja de la negativa de la corte inferior al no permitirle probar el valor en el mercado de la parcela expropiada mediante testimonio en cuanto al precio que la demandada (y otros cementerios) recibían por el espacio necesario para la construcción de fosas, y aplicando entonces dicho precio al número de fosas que ella podía construir en dicha parcela, menos los gastos de construcción y otros desembolsos. Citando el caso de *Laureldale Cemetery Co* v. *Reading Co.*, 154 Atl. 372 (Pa., 1931), el tribunal inferior excluyó dicho testimonio por el fundamento de que estaba éste basado en consideraciones especulativas.

Convenimos con la corte inferior en cuanto a este punto. La demandada tenía derecho a presentar prueba en cuanto al valor en el mercado de la parcela para fines de un cementerio, aun cuando todavía no hubiera sido utilizada para ese propósito. *Pueblo* v. *García*, 66 D.P.R. 504, 509–10, y casos citados; *Pueblo* v. *Carmona*, 70 D.P.R. 312. Y la corte inferior permitió esta evidencia. Pero bajo las circunstancias, tal prueba debe concretarse a lo que toda la parcela expropiada valía en el mercado. El permitir discusión de los precios que podían cobrarse por las fosas si éstas de hecho se hubieran construído, invade el campo de la especulación y la conjetura, que no incumbe a los tribunales cuando éstos tratan de determinar el valor en el mercado de una parcela

·que todavía no se está utilizando para fines de cementerio. *Laureldale Cemetery Co.* v. *Reading,* supra; *Thornton* v. *City of Birmingham,* 35 S.2d 545, 547–48 (Ala., 1948); *Louisiana Ry. & Nav. Co.* v. *Baton Rouge Brickyard,* 67 .So. 922 (La., 1915); Anotación, L.R.A. 1917A 405; Orgel *on Valuation under Eminent Domain,* págs. 99–100. *Cf. United States* v. *3.544 Acres of Land, etc.,* 147 F.2d 596 (C.C.A. 3, 1944).

Los restantes errores están dirigidos a la apreciación que ·de la evidencia hizo el tribunal inferior. Opinamos que de los autos surge suficiente evidencia para sostener la sentencia.

*La sentencia del Tribunal de Expropiaciones será confirmada.*